**STEPHENS, Appellant, v. JAMISON, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6317.   Decided November 15, 1943.

William A. McClain, for appellant.
Messrs. Falk & Paul, Cincinnati, for appellee.

**OPINION**

By ROSS, P. J.

This is an appeal on questions of law from a judgment specifically mentioned in the notiec of appeal as having been entered by the Court of Common Pleas of Hamilton county, April 9, 1943, "discharging an attachment." Reference to the transcript of the docket and journal entries and the original papers develops no judgment of the Court on the 9th of April, 1943. A judgment was entered by the Court April 2nd, 1943, giving the plaintiff ten days to give bond and file a "petition in error", and a judgment was entered by the Court April 17th, 1943, discharging the garnishee. Giving the notice of appeal a liberal construction, and accepting the designation of the judgment appealed from as that "discharging an attachment" we consider the appeal as directed to the final order of the Court entered April 17, 1943. The designation "ninth day of April 1943" will be ignored.

The proceeding in the Court of Common Pleas of Hamilton county as far as the papers submitted to this Court show, was initiated by the filing of an affidavit in aid of execution (which will be referred to later) upon which an order in aid of execution was issued by the Court directing that "Cora Jamison, defendant, and the Provident Savings Bank and Trust Co. garnishee" appear and answer questions respecting the said garnishee's liability. A return of the sheriff of Hamilton County also appears in the papers, stating a levy upon certain real estate of the said Cora Jamison, it being stated therein "Levied upon as the property of Cora Jamison to justify the execution hereto attached and the same not appraised or advertised by order of plaintiff's attorney." This return appears upon the back of a paper styled "Execution against property" which reads as follows:

"To the Sheriff of the County of Hamilton, Greeting:

"We command you that of the goods and chattels of Cora Jamison, defendant, in your County, you cause to be made Three Hundred Forty-Five dollars and— cents, which Berylee Stephens, plaintiff, lately, to wit: at the Term of July, A. D., 1942, in our Court of Common Pleas, at Cincinnati, in the County aforesaid, recovered against her as well for her damages as for her cost and charges by her about her action in that behalf expended, whereof the said defendant stands convicted as appears to us of Record, if so much goods and chattels of the said defendant can be found in your County, and if not, then that you cause the same to be made of the lands and tenements of the said defendant lying in your County, and make due return of this execution to our said Court within sixty days from the date hereof.

"WITNESS my hand and the seal of the said Court, at Cincinnati, this 7th day of October, A. D., 1942.

ELMER F. HUNSICKER,
Clerk of the Court of Common Pleas
of Hamilton County, Ohio.
by Paul Lutz, Deputy."

The transcript is headed "Judgment Docket 3, page 507, Lien and Execution Amount $345.00. Interest from Sept. 5th, 1942."

A motion to discharge execution and release garnishee was filed together with an affidavit in support of such motion. An answer of the garnishee, The Provident Savings Bank and Trust Company was filed admitting that it was indebted to Cora Jamison at the time the order in aid of execution was served upon it, in the amount of $361.25, which it holds subject to the order of the Court. The only other papers are the entries before mentioned. No bill of exceptions is presented or any other matter upon which this Court may pass upon the validity of the judgment of the Court of Common Pleas considered on this appeal.

There is nothing in this judgment to indicate upon what the Court predicated its order.

The previous judgment of April 10th, 1943, states that:

"This cause came on to be heard on the motion of the defendant Cora Jamison to discharge the execution heretofore issued in the within cause, both parties being represented by counsel and was presented to the Court. The Court being

fully advised in the premises and on the briefs submitted herewith find the said motion to be well taken and does therefore sustain the said motion."

It is the duty of appellant on this appeal to present to this Court affirmative error in the record or judgment. The only sources from which this Court may reach a conclusion on such question are the affidavits in support of the order in Aid of Execution and the affidavit in Support of the Motion to Discharge the Execution and release the Garnishee.

In the first affidavit it is stated that the "plaintiff herein" (identified only by the person named as such upon the back of the execution), on September 3rd, 1942, duly recorded a judgment, in the Court of Common Pleas of Lucas County, Ohio, against Cora Jamison, for the sum of $345.00 and $5.90 costs, none of which has been paid.

In the affidavit of Cora Jamison, it is stated, that in an action in the Court of Common Pleas, Division of Domestic Relations of Lucas County in which Berylee Stephens was plaintiff and A. Lincoln Stephens was defendant, an order was entered requiring Cora Jamison to pay out of the wages of such defendant the sum of $10.00 per week, toward the support of three minor children of such plaintiff and defendant. That at that time defendant was employed by Cora Jamison, and that she did deduct $10.00 per week from defendant's wages and transmitted the same to said Court. Affiant further states:

"Affiant further says that in some manner, the exact nature of which has not been disclosed to her, she was made a defendant in the divorce proceeding between Berylee Stephens and A. Lincoln Stephens and a judgment was rendered against her in that proceeding by the Common Pleas Court of Lucas County, Ohio, for some sum, the exact amount of which is unknown to her, but which the proceeding in aid of execution herein purports to be $345.00 plus interest and costs, totaling $361.25.

"Affiant further states that the proceeding as relating to her is a nullity and void and is of no force and effect, as she was neither a necessary nor a proper party to that action, but was simply a garnishee.

"Affiant further says that she believes that the proceeding in aid of execution should be dismissed and judgment so far as affecting her should be declared void by this Court."

In the brief of appellant reference is made to the record of the case in Lucas County. That record is not before this Court.

The certificate of the judgment of the Lucas County Court is not before this Court. What the Court of Common Pleas of Hamilton County had before it in the way of evidence is not apparent, even from the recitals in its judgment.

The appellant claims a certificate of the judgment in the Lucas County Court was filed with the Clerk of Courts of Hamilton County. The record does not so show. Cora Jamison, however, does admit that a judgment was rendered against her in a divorce proceeding between Berylee Stephens and A. Lincoln Stephens in the Common Pleas Court of Lucas County, the exact amount of which is unknown to her. She further states that she was neither a proper nor necessary party to such proceeding, but was simply a garnishee, and that as to her the judgment is a nullity.

On this state of the record this Court cannot find that error prejudicial to the appellant affirmatively appears in the record or judgment of the Court of Common Pleas of Hamilton County. That Court might well have found that the Lucas County Court did not have jurisdiction of the subject-matter of the proceeding upon which such judgment was predicated, or that it did not have jurisdiction over the person of Cora Jamison, or both.

Apparently from statements in the briefs of counsel, matter and evidence was presented to the trial court which are not before this Court.

The judgment is affirmed.

HILDEBRANT & MATTHEWS, JJ., concur.